UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN W. MILLER, | CASE NO. 2:25-mc-00022-JNW |
| Plaintiff, | DISMISSAL ORDER |
| v. | |
| APPLE INC., | |
| Defendant. | |

On April 22, 2025, Plaintiff John W. Miller, proceeding pro se, filed a document styled as "Ex Parte Request for Immediate Issuance of Writ of Execution Under Fed. R. Civ. P. 69(a) and 28 U.S.C. § 1963." Miller paid the filing fee to open a miscellaneous case and stated that a final default judgment was entered in his favor by the United States District Court for the Southern District of New York on March 19, 2025, in *Miller v. Apple Inc.*, Case No. 1:25-cv-01172-JPC-RFT (S.D.N.Y.) ("*Miller I*"). Dkt. No. 1 at 1. The next day the Clerk of the Court issued a notice of deficiency, directing Miller to file a certified copy of this purported judgment from the Southern District of New York. Dkt. No. 2. The notice also warned Miller that "[f]ailure to do so may affect the status of [his] case, including dismissal of the

DISMISSAL ORDER - 1

action by the Court." To date, Miller has failed to file a copy of any judgment in his favor. *Id.*

The Court suspects this is because no such judgment exists. The Court takes judicial notice of the *Miller I* docket. Under Rule 201(b), courts may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Judicial notice may be taken "of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

In his Southern District of New York case, Miller filed a complaint against Apple, Inc. on February 10, 2025, alleging that it infringed Miller's copyright. *Miller I*, Dkt. No. 1 (Feb. 10, 2025). On June 2, 2025, the court entered judgment against Miller and dismissed his case without prejudice for lack of personal jurisdiction. *Id.* at Dkt. Nos. 329, 330.

The record shows that the court did not issue a default judgment—or any judgment—in Miller's favor. In this case, Miller misrepresents the outcome of his prior case. Miller claims to file a "Certified Certificate of Default" and "Certified Final Default Judgment." *See* Dkt. No. 7. These documents are not orders of default or default judgment from the court. Instead, they are "affidavits" written by Miller himself.

Miller's request for a writ of execution is based entirely on the false premise that a judgment exists for the Court to enforce. Accordingly, the Court DENIES Miller's ex parte request for immediate issuance of a writ of execution, Dkt. No. 1,

and his motion for a writ of execution, Dkt. No. 4. The Court also DENIES as moot Miller's motions for disbursement of funds and to compel a jury trial. Dkt. Nos. 11, 17. This case is DISMISSED, and the Clerk is directed to close the matter.

Finally, the Court notes that since beginning this action on April 22, 2025, Miller has made over 40 filings, consisting mostly of various "notices" that serve no legitimate procedural purpose. The Court also notes that Miller has engaged in similar conduct in the Southern District of New York, where he has made dozens of frivolous filings.

The Court thus warns Miller that it will strike all future filings in this case except those reasonably related to pursuing reconsideration or an appeal of this order. Miller is advised that continued abuse of the judicial process may result in additional sanctions, including restrictions on his ability to file new cases without prior court approval.

Dated this 25th day of June, 2025.

Jamal N. Whitehead
United States District Judge