1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN W. MILLER,

                              Plaintiff,

        v.

APPLE INC.,

                              Defendant.

CASE NO. 2:25-mc-00022-JNW

ORDER

On April 22, 2025, Plaintiff John W. Miller, proceeding pro se, filed a document styled as "Ex Parte Request for Immediate Issuance of Writ of Execution Under Fed. R. Civ. P. 69(a) and 28 U.S.C. § 1963" and paid the filing fee to open a miscellaneous case. Dkt. No. 1. Because Miller's request for a writ of execution was based entirely on the false premise that a judgment exists in Miller's favor, the Court denied Miller's request, dismissed his case, and directed the Clerk to close the matter. Dkt. No. 45. Given Miller's history of filing "notices" that serve no legitimate procedural purpose here and his case in the Southern District of New York, the Court warned Miller that it would "strike all future filings in this case except those reasonably related to pursuing reconsideration or an appeal of [the

dismissal] order." *Id.* at 3. The Court also advised that "continued abuse of the judicial process may result in additional sanctions, including restrictions on his ability to file new cases without prior court approval." *Id.*

In response, over the course of one month, Miller has filed 27 "notices" that serve no legitimate procedural purpose. Dkt. Nos. 46, 47, 48, 49, 51, 52, 53, 54, 55, 56, 57, 59, 60, 61, 62, 63, 64, 65, 67, 68, 69, 70, 71, 73, 75, 77, 78. He has also filed several motions styled as "motions to compel" that request various forms of relief. The Court addresses each in turn.

First, Miller moves to vacate the dismissal order and reopen his case. Dkt. No. 50. The Court construes this as a motion for reconsideration. "Motions for reconsideration are disfavored." LCR 7(h)(1). The Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enters. Inc., 229 F.3d at 883).

1

2    Miller provides no reason that justifies reconsideration. He does not supply

3    the Court with evidence of a judgment in his favor. Therefore, Miller's motion for

     reconsideration, Dkt. No. 50 is DENIED.

4         Second, Miller moves to compel "communications" of an Assistant U.S.

5    Attorney. Dkt. No. 58. Miller is not entitled to discovery on a dismissed case. The

6    Court DENIES Miller's motion to compel, Dkt. No. 58.

7         Third, Miller moves to disqualify the undersigned, arguing that "Judge Jamal

8    Whitehead is now the subject of a $100 million Rule 69 Motion for Personal

9    Liability filed in the present case[.]" Dkt. No. 66 at 1. Miller filed two more motions

10   requesting the same relief. Dkt. Nos. 74, 76.

11        Under 28 U.S.C. § 455(a), a judge must recuse themself in any proceeding in

12   which their "impartiality might reasonably be questioned." To decide whether

13   recusal is necessary under Section 455(a), courts must consider "[w]hether a

14   reasonable person with knowledge of all the facts would conclude that the judge's

15   impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d

16   882, 891 (9th Cir. 2012) (internal quote omitted). "[A] judge's prior adverse ruling is

17   not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th

18   Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial

19   rulings alone almost never constitute a valid basis for a bias or partiality motion.").

20   "If the challenged judge decides not to voluntarily recuse, [they] will direct the clerk

21   to refer the motion to the chief judge, or the chief judge's designee." LCR 3(f).

22        Miller's argument about personal liability is nonsensical. Miller has not filed

23   a complaint containing claims against the undersigned. Accordingly, the Court

DECLINES to recuse voluntarily, and REFERS Miller's motions, Dkt. No. 66, 74, 76, to United States District Chief Judge David Estudillo for decision.

Fourth, Miller moves to transfer his case to the District of Rhode Island. Dkt. No. 72. Again, Miller cannot seek this relief for a dismissed matter, and therefore, the Court DENIES his motion at Dkt. No. 72.

Finally, Miller moves to compel disbursement. This is the same relief he has already sought multiple times and the Court has denied. Therefore, the Court DENIES Miller's motion at Dkt. No. 79.

In sum, the Court DENIES Miller's motions, Dkt. Nos. 50, 58, 72, 79. The Court also DECLINES to recuse voluntarily, and REFERS Miller's motions to recuse, Dkt. Nos. 66, 74, 76, to United States District Chief Judge David Estudillo for decision.

Dated this 28th day of July, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 4