UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN W. MILLER, <br><br> Plaintiff, <br> v. <br><br> APPLE INC., <br><br> Defendant. | CASE NO. 2:25-mc-00022-JNW <br><br> ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NOS. 66, 74, 76) |

This matter comes before the Court on Judge Jamal N. Whitehead's denial (Dkt. No. 80) of Plaintiff's motions for recusal. (Dkt. Nos. 66, 74, 76.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themselves from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Whitehead's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff has filed three recusal motions against Judge Whitehead. Plaintiff alleges Judge Whitehead has a "direct financial and personal conflict" because he is the subject of a "$100 million Rule 69 Motion for Personal Liability" filed in this case. (Dkt. Nos. 66, 74, 76.) Plaintiff also contends Judge Whitehead is a named defendant in a case he has filed in the Northern District of Illinois. (Dkt. No. 66 at 1.)

Judge Whitehead declined to recuse himself from this case, finding Plaintiff's argument about personal liability was nonsensical and noting that Plaintiff has not actually filed a complaint containing claims against him. (Dkt. No. 80 at 3–4.) As Judge Whitehead correctly notes in his order, Plaintiff's "Rule 69 Motion for Personal Liability" is one of numerous notices filed by Plaintiff in this case that serve no legitimate procedural purpose. With respect to the case Plaintiff filed in the Northern District of Illinois, Judge Whitehead is not a named party in that case. *See Miller v. Apple Inc.*, Case No. 1:25-cv-04576 (N.D. Ill. 2025).

Even if Plaintiff had named Judge Whitehead as a defendant in that case, it would not be a basis for recusal. "A party cannot manufacture grounds for recusal by fantastic allegations, by

vague accusations or by alleging in conclusory terms that a judge is biased, by filing an ethics complaint against a judge, or even by suing a judge." *Royer v. Pennsylvania State Univ.*, Case No. 03:00-CV-290-KRG-KAP, 2012 WL 956422, at *1 (W.D. Pa. Feb. 28, 2012), *report and recommendation adopted*, 2012 WL 954710 (W.D. Pa. Mar. 20, 2012) (internal citation omitted). Put another way, "[a]utomatic disqualification of a judge cannot be obtained by the simple act of suing the judge, particularly where the suit is primarily based on the judge's prior judicial rulings." Guide to Judiciary Policy, Vol. 2: Ethics and Judicial Conduct, Pt. B: Ethics Advisory Opinions, Published Advisory Opinion No. 103, at 191, https://www.uscourts.gov/sites/default/files/2025-03/guide-vol02b-ch02.pdf.

The Court finds no evidence that would lead a reasonable person to question Judge Whitehead's impartiality. Accordingly, the Court AFFIRMS Judge Whitehead's denial (Dkt. No. 80) of Plaintiff's motions for recusal. (Dkt. Nos. 66, 74, 76.)

Dated this 30th day of July, 2025.

David G. Estudillo
United States District Judge