UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN W. MILLER, | CASE NO. 2:25-mc-00022-JNW |
| Plaintiff, | ORDER |
| v. | |
| APPLE INC., | |
| Defendant. | |

On June 25, 2025, the Court denied Plaintiff John W. Miller's motion for a writ of execution and dismissed his case. Dkt. No. 45. Before dismissal, Miller submitted over 40 filings, consisting mostly of various "notices" that serve no legitimate procedural purpose. *Id.* at 3. The Court noted that Miller engaged in similar conduct in the Southern District of New York, where he made dozens of frivolous filings. *Id.*; *see also Miller v. Apple Inc.*, Case No. 1:25-cv-01172-JPC-RFT (S.D.N.Y.) ("*Miller I*"). Finding this practice an abuse of the judicial process, this Court warned Miller in its dismissal order that it would "strike all future filings in this case except those reasonably related to pursuing reconsideration or an appeal of [the dismissal order]" and that "continued abuse of the judicial process may result

ORDER - 1

in additional sanctions, including restrictions on his ability to file new cases without prior court approval." Dkt. No. 45 at 3.

Then, Miller filed several post-dismissal motions as well as a motion seeking the undersigned judge's voluntary recusal. The Court denied Miller's motions, declined to recuse voluntarily, and referred the matter to Chief Judge David G. Estudillo. Dkt. No. 80. Chief Estudillo affirmed the denial of recusal. Dkt. No. 82. This Court again warned Miller that it would not consider further filings in this closed case and directed the Clerk to strike all future filings. Dkt. No. 83.

Miller has since filed 15 "notices" that serve no legitimate procedural purpose. The Court STRIKES these frivolous "notices" at Dkt. Nos. 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, and 98.

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). To that end, district courts have inherent power to enter pre-filing orders against vexatious litigants with abusive litigation histories. 28 U.S.C. § 1651(a); *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Such an order should be entered only when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is "an adequate record for review," (3) the court has made "substantive findings as to the frivolous or harassing nature of the litigant's actions," and (4) the vexatious litigant order is narrowly tailored to the litigant's wrongful behavior. *DeLong*, 912 F.2d at 1147–48.

ORDER - 2

Here, the first three requirements are met. First, the Court notified Miller several times that his filing of "notices" was an abuse of the judicial process, and they would be stricken. Dkt. Nos. 45, 83. Miller continued this abusive practice, thus reflecting his complete indifference to the Court's admonitions. Second, there is an adequate record to demonstrate Miller's frivolous conduct, and his rampant disregard for the Court's previous orders. Finally, given Miller's repeated abuses in this and other district courts, the Court finds it necessary to enter an order limiting Miller's ability to make frivolous filings in this case. Accordingly, this Court FINDS Plaintiff to be a vexatious litigant, and ORDERS as follows:

The Court REVOKES Miller's e-filing privileges in this closed case. Any paper physically mailed to this Court relating to this case must be submitted to the undersigned judge for review and approval prior to docketing. The Clerk's Office is DIRECTED to strike any paper that is not filed in accordance with these requirements.

Dated this 19th day of August, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 3